PER CURIAM:
These three claimants brought actions against two State agencies to recover the pro rata annual increment increases which they allege each of them earned during the fiscal year 1988-89. Each of the claimants retired during this fiscal year although not in the same month. Claimants allege that the respondent State agencies failed to follow the statutory provisions for the payment of their annual incremental salary increases. The claimants and respondents have agreed and stipulated to the amount of the pro rata increment increase which may be due and owning to each of the claimants.
Respondents contend that claimants are not entitled to any annual salary incremental increase on a pro rata basis as each of the claimants retired during the fiscal year 1988-89 and was not employed for the full fiscal year.
The West Virginia Legislature provided employees of State agencies with annual salary incremental increases beginning with the 1985-86 fiscal year. See W.Va. Code §5-5-2 (1984). This section of the Code has been interpreted in two decisions of the Supreme Court of Appeals.
The first decision relating to the increment increase was State ex. rel. Erwin v. Gainer, unpublished Order dated August 2, 1985. In this decision the Court held that the State *129 Auditor "should pay the salary supplement as set out in W.Va. Code, §5-5-2 (1984), in a lump sum amount,...." In other words, the annual salary increment was not to be paid as a part of an employee's regular salary, but rather as a separate payment in a lump sum. Generally speaking, the practice of the State Auditor has been to make this lump sum payment to State employees in July of each fiscal year.
Erwin also held that the lump sum payment "is designed to supplement the regular pay of eligible State Employees on the basis of past and present services" and is therefore not barred by Article VI, Section 38 of the West Virginia Constitution.
In the second opinion, Courtney et al. v. State Dep't of Health, 388 S.E.2d 491 (1989), the Court held that an employee need not be employed on the first day of the ensuing fiscal year in order to be entitled to receive an annual incremental salary increase as provided by W.Va. Code, §5-5-2 (1984). The first day of the fiscal year establishes the date upon which the incremental salary increase is to be received.
An Attorney General’s opinion dated June 27, 1990, followed the Courtney decision, supra, wherein the Department of Public Safety was advised that, "Considering that the W.Va. Code §5-5-2 incremental salary increase constitutes part of an eligible State employee's regular pay for services previously rendered, any such employee has a statutory right to any accrued pro rata share of that increment owing but not due on his final day of employment. By entitlement to a pro rata share, it is meant that an employee who does not work an entire fiscal year is entitled to a fractional portion of the total increment to which the employee would have been entitled had he been employed during the entire fiscal year." (Emphasis supplied).
The Annual increment increase is an annual salary adjustment provided by law to State employees and not a bonus. The increment is based upon each month of service rendered by State employees as it is rendered; therefore, employees of State agencies earn this increment increase for each month of employment during a particular fiscal year of service to the State.
It is, therefore, the opinion of this Court that each of the three claimants herein earned his pro rata share of the annual incremental increase during this final fiscal year of service to the State i.e., the 1988-89 fiscal year. Accordingly, the Court is of the-opinion to and does make awards to each of the claimants for his pro rata share of the annual incremental salary increase earned during the 1988-89 fiscal year.
Award of $306.00 to Thomas Gleen Roberts.
Award of $660.00 to Ronnie R. Bolen.
Award of $360.00 to Wilford N. Bird.